# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 6, 2012

Lyle W. Cayce
Clerk

No. 11-40779
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FLAVIO PALMA-SALOME,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-1077-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Flavio Palma-Salome appeals his jury trial conviction for attempting to reenter the United States  illegally after having been convicted previously for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b).  The sole issue raised by Palma-Salome on appeal is whether the government failed to prove beyond a reasonable doubt that he attempted to reenter the United States.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40779

As Palma-Salome moved for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure at the close of the government's case, which was also at the close of all the evidence, he preserved the issue for appellate review. We review his challenge to the sufficiency of the evidence de novo. *See United States v. Ollison*, 555 F.3d 152, 158 (5th Cir. 2009). We will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). We "view[] the evidence in the light most favorable to the verdict and draw[] all reasonable inferences from the evidence to support the verdict." *Percel*, 553 F.3d at 910 (internal quotation marks and citation omitted). "[W]e do not weigh evidence or assess the credibility of witnesses, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

To obtain a conviction for attempted illegal reentry, the government must prove beyond a reasonable doubt that the defendant (1) was an alien at the time of his alleged offense; (2) had been arrested previously and deported; (3) thereafter attempted to reenter the United States; and (4) did not receive the Attorney General's consent to reenter the United States. *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1131-32 (5th Cir. 1993).

Palma-Salome challenges only the third element. He asserts that "[a]ttempted reentry requires that a previously deported alien approach a port of entry and make a false claim of citizenship or non-resident status." He contends that because there was no evidence that (1) he gave a false name or a false statement to border protection officials, or (2) he lied to officials about his immigration status, or (3) he told any official that he intended to reenter the United States, the evidence was insufficient to find that he intended to reenter this country.

No. 11-40779

Although no evidence was presented at trial that Palma-Salome gave false information to a border protection officer or expressly stated that he intended to reenter this country, there was other evidence from which the jury could have inferred that Palma-Salome intended to reenter the United States. The jury heard evidence that Palma-Salome was a passenger in a vehicle that approached the entry point on the Veterans International Bridge and that he and two other passengers in the vehicle presented to the officers legal permanent resident cards, which authorize aliens to work and reside in the United States. Further, the officer who inspected the men at the entry point testified that he was specifically told that the three men with legal permanent resident cards were going to Georgia. Although the officer could not recall who in the vehicle told him this, he testified that Palma-Salome was one of the individuals who presented a legal permanent resident card.

The jury could have reasonably inferred from the evidence presented that Palma-Salome made a false representation regarding his admissibility status or that he attempted to deceive officials by presenting a legal permanent resident card that he knew was invalid. *See United States v. Morales-Palacios*, 369 F.3d 442, 449 (5th Cir. 2004) (noting that the process of deportation puts an alien on notice of consequences of attempting to reenter without government consent). Even if there could have been some other explanation for Palma-Salome's actions, it is not necessary that the evidence exclude every reasonable hypothesis of innocence. *See United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000) (noting that direct and circumstantial evidence are weighed equally, and it is not necessary that the evidence exclude every reasonable hypothesis of innocence).

We conclude that a reasonable trier of fact could find that the evidence presented at trial, when viewed in the light most favorable to the verdict, established beyond a reasonable doubt that Palma-Salome attempted to reenter the United States. *See Jackson*, 443 U.S. at 319; *Percel*, 553 F.3d at 910. Accordingly, the judgment of the district court is AFFIRMED.